892 F.2d 83
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bobby A. NEILL, Plaintiff-Appellant,
v.
CONTRA COSTA COUNTY, et al., Defendants-Appellees.
 No. 88-15122.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 21, 1989.*
Decided Dec. 13, 1989.
 
 Before GOODWIN, Chief Judge, and POOLE and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bobby A. Neill, a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous under 28 U.S.C. § 1915(d). We review de novo, Jackson v. State of Arizona, 885 F.2d 639, 640 (9th Cir.1989), and reverse.
 
 
 3
 In December 1986, Neill was injured while being transported by a Contra Costa County Sheriff Department van which was involved in an accident. Despite Neill's requests to receive x-rays of his back, he was treated for mouth injuries only. Six months later, Neill received the requested x-rays. The x-rays revealed a problem with Neill's fifth intervertebral disc space of his lumbar spine.
 
 
 4
 Neill filed a section 1983 complaint in the district court. The district court granted Neill's motion to proceed in forma pauperis but dismissed the complaint as frivolous under section 1915(d). The court found that Neill's complaint alleged only negligence and mere negligence is insufficient to state an eighth amendment violation.
 
 
 5
 Neill contends that the district court erred in dismissing his complaint without leave to amend. He argues that if given permission to amend, he can state a constitutionally cognizable claim. This contention has merit.
 
 
 6
 Frivolous in forma pauperis complaints may be dismissed sua sponte under 28 U.S.C. § 1915(d). Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Id. However, a pro se plaintiff with an arguable claim is entitled to issuance and service of process. Jackson v. State of Arizona, 885 F.2d 639, 640 (9th Cir.1989). Moreover, unless it is absolutely clear that the deficiencies of the complaint cannot be cured, the pro se plaintiff must also be given an opportunity to amend her complaint. Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir.1987).
 
 
 7
 The district court erred in dismissing Neill's complaint sua sponte. Although inartfully pleaded, Neill's allegation of a six month delay in receiving medical care arguably states an eighth amendment violation. See Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir.1988) (prison officials may violate the eighth amendment by delaying medical treatment). Thus, Neill may be able to amend his complaint to state a cognizable section 1983 complaint. The district court should amend its dismissal order to allow Neill leave to amend his complaint.
 
 
 8
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3