Mike HERNANDEZ, Plaintiff–Appellant,

v.

George F. DENTON, Director of Corrections, Paul J. Morris, Warden, Eddie Ylst, in His Official and Individual Capacity, Mr. Hartman, Defendants–Appellees.

Nos. 86–2139, 87–1693, 87–1694.

United States Court of Appeals, Ninth Circuit.

Nov. 21, 1990.

---

**574**

Richard W. Nichols, McDonough, Holland & Allen, Sacramento, Cal., for plaintiff-appellant.

Richard Thomson, Supervising Deputy Atty. Gen., Sacramento, Cal., for defendants-appellees.

Before ALDISERT,* WALLACE and SCHROEDER, Circuit Judges.

SCHROEDER, Circuit Judge:

The Supreme Court vacated our original divided disposition in this case, reported at 861 F.2d 1421 (9th Cir.1988) and remanded for further consideration in light of *Neitzke v. Williams*, 490 U.S. 319, 109

S.Ct. 1827, 104 L.Ed.2d 338 (1989). We have given further consideration after requesting briefs from the parties as to the bearing of that decision on this case.

The appellant, Mike Hernandez, is a prisoner proceeding in forma pauperis in suits against prison officials. At issue are the district court's dismissals of complaints alleging 42 U.S.C. § 1983 violations. The district court dismissed all the claims as "frivolous" under 28 U.S.C. § 1915(d) and Hernandez appealed.

In our original opinions, we unanimously affirmed the district court's dismissal of plaintiff's procedural due process claims and his claim that prison officials violated his eighth amendment rights by depriving him of a mattress for one night. We held that no amendment could cure the defects in those allegations. *See Franklin v. Murphy*, 745 F.2d 1221, 1228 n. 9 (9th Cir.1984). Those rulings are not affected by the subsequent grant of the defendants' petition for certiorari.

In the original opinions, a majority also reversed the district court's dismissal of Hernandez' claims of rape, other physical abuse, and deprivation of footwear. The majority held that it was improper for a district court to dismiss a pro se complaint as frivolous under section 1915 unless claims were "patently meritless." We also held that the standard of "frivolousness" of section 1915(d) is not the same as the Federal Rule of Civil Procedure 12(b)(6) legal standard for dismissal for failure to state a claim. *Hernandez*, 861 F.2d at 1425. Relying upon this court's decision in *Franklin*, we held that a pro se prisoner complaint may not be dismissed under section 1915 unless it has no " 'arguable substance in law [or] fact.' " *Hernandez*, 861 F.2d at 1425, quoting *Franklin*, 745 F.2d at 1227.

The Supreme Court has now held in *Neitzke*, as a majority of us originally concluded in this case, that the standard of "frivolousness" is not the same as the Rule

* Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

12(b)(6) standard, and that a complaint should not be dismissed under section 1915 simply because it fails to state a claim. The Supreme Court cited with approval our decision in *Franklin v. Murphy* in holding that a complaint is frivolous when "it lacks an arguable basis either in law or in fact" and that section 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 109 S.Ct. at 1831.

■ In this case, the most troublesome allegations are appellant's claims that he was drugged and homosexually raped over twenty times by inmates and prison officials at different prisons. Because the claims lacked factual recitations of time and place and persons responsible, the complaints failed to state rape claims upon which relief could be granted under the Rule 12(b)(6) standard. Nevertheless, because rape by prison guards or deliberate indifference by prison guards to rape by inmates would raise constitutional concerns, the claims were not patently without legal substance. Although the claims of such repeated similar events undoubtedly involved some exaggeration, a majority of us were unable to say with certainty that none of them occurred and that the claims were therefore lacking in any factual basis so as to be deemed "fanciful" under section 1915(d).

The appellees now ask us to reconsider that ruling in light of the Supreme Court's remand. The Supreme Court in *Neitzke* said that under section 1915 judges may dismiss as frivolous not only claims based on patently meritless legal arguments, but those premised on baseless factual allegations as well. This holding is fully consistent with the prior law of this circuit. *See Franklin*, 745 F.2d at 1227. The defendants now focus on the Supreme Court's statement in *Neitzke* that examples of baseless factual claims are "fantastic or delusional scenarios." 109 S.Ct. at 1833. The defendants ask us to hold that Hernandez' allegations of 28 rapes are "fantastic or delusional scenarios," and affirm the district court's dismissal. If we were to affirm the district court's dismissal of all

the claims as factually frivolous, however, we would have to hold that all 28 rapes were delusions and that none of them occurred. While it is hard to believe that so many similar incidents actually happened, we cannot say that none of them occurred without making the kinds of credibility determinations that are impermissible in deciding whether a claim is baseless under section 1915. *See Franklin*, 745 F.2d at 1228.

■ Under *Neitzke*, we do not believe that a claim can qualify as patently "delusional" or "hallucinatory" unless it rests upon facts which the court knows could not have occurred. The provision for judicial notice in Federal Rule of Evidence 201 provides guidance. It states: "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b). We accept this as one useful standard in determining whether a claim is patently frivolous as "founded on wholly fanciful factual allegations." *Hernandez*, 861 F.2d at 1426 (quotation omitted). We cannot conclude that the plaintiff's claims of rape are contrary to any facts that are "generally known," nor can we ascertain the truth of the allegations by looking to any readily available, accurate source. We therefore conclude that the district court in this case erred in dismissing the rape claims at this stage of the litigation as fanciful.

The appellant should be permitted to amend the claims to provide more specific factual recitations of the time and place of each of the rapes and conduct on the part of prison officials which violated constitutional standards. Only when it is clear that a claim lacks legal or factual basis may it be dismissed as frivolous. *Neitzke*, 109 S.Ct. at 1831. Accordingly, while we affirm the district court's dismissal of appellant's procedural due process claim and his eighth amendment claim based upon deprivation of a mattress, we reverse the district court's dismissal of the remainder of

the claims. It is not yet apparent that those claims lack either legal or factual basis.

AFFIRMED in part; REVERSED and REMANDED in part.

WALLACE, Circuit Judge, concurring:

I concur for the reasons stated in my prior concurrence, *Hernandez v. Denton*, 861 F.2d 1421, 1427 (9th Cir.1988). For clarification, I eliminate the last ten words of the concurrence.

ALDISERT, Circuit Judge, dissenting:

The issue that divides this panel in this remand from the Supreme Court is whether the allegations contained in a pro se complaint filed by an inmate at the Atascadero State Hospital can ever survive the barrier imposed by 28 U.S.C. § 1915(d) authorizing the district court to dismiss a claim filed in forma pauperis "if satisfied that the action is frivolous." Atascadero is a state hospital for the criminally insane and mentally disordered.

The majority refuse to meet the issue head on and prefer to remand to the district court to permit this obviously very disturbed inmate to file an amended complaint. They conclude that this unfortunate state prisoner should have the opportunity "to amend the claims to provide more specific factual recitations of the time and place of each of the rapes and conduct on the part of prison officials which violated constitutional standards."

I believe that no amendment can save Hernandez' fanciful claims. I reiterate the views set forth extensively in my previous dissenting opinion in *Hernandez v. Denton*, 861 F.2d 1421, 1427–40 (9th Cir.1988) (Aldisert, J., dissenting), and would hold that no amendment of facts can cure the claims advanced by Hernandez, given the detailed facts already set forth, the theory advanced and the inferences required. I stated then and repeat now that "[t]he grand purpose of prisoner civil rights petitions under section 1983 ... should not be prostituted by the hallucinations of a troubled man." 861 F.2d at 1440. I would affirm the judgment of the district court

dismissing the complaint essentially for the reasons set forth in my separate opinion previously published at 861 F.2d at 1427–40. I believe my position in *Hernandez* has been endorsed sub silentio by the Court in its remand to us. In the words of Marshal McLuhan, "The medium is the message." ·

## I.

The Supreme Court sent us a message by unanimous action. I am not at all certain that the majority have opted to hear it, let alone heed it. The Court directed the majority to reconsider this case in light of *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Because our previous statement of applicable law—expressed by both the majority and the dissent—is on all fours with the Court's decision and opinion in *Neitzke*, there can be no reason for the Court to have granted certiorari and remanded for reconsideration unless it was troubled with the majority's decision to remand to permit further amendment. Having agreed completely with the majority's statement of the law, the Court would have no purpose for vacating our judgment and remanding unless it was convinced that the dissent was correct in reaching the conclusion that it was impossible to amend the complaint to assert a viable cause of action. Significantly, after reconsideration, the majority proceed as if the Court did not remand this case to us; indeed, the majority opinion responds now only to the contentions of the appellee and does not address any possible concerns of the Court.

I am convinced that my original views, although again rejected by the panel's majority, have now been endorsed by the unanimous decision of the Supreme Court in granting certiorari and remanding to us.

## II.

Accordingly, some summary of the detailed facts alleged in Hernandez' complaint is in order. He claims that he was homosexually raped 28 times at both Folsom Prison and Vacaville. He reached this

conclusion because he found fecal stains on his tee-shirt and needle marks on his arms that he believed were "signs of rape." He has no personal recollection of having experienced these assaults. I have previously observed that "[i]rrespective of the outcome of this litigation, it must be acknowledged that Hernandez has established a world record capable of qualifying for the Guiness Book of Records: the only person who has been raped 28 separate times without knowing at the time that this was happening to him." 861 F.2d at 1438.

No possible amendment can cure the fatality of his claim because the circumstantial evidence relied upon cannot *as a matter of law* rise to the dignity of a cause of action. I previously have demonstrated the fatal flaws of the arguments advanced:

> [H]is complaints are utterly devoid of any allegations establishing the personal involvement of any of the defendants. His contentions depend upon the following prosyllogisms and episyllogisms:

### A.

*Major Premise:* Some needle marks are signs of drug injection.
*Minor Premise:* I awoke with some needle marks.
*Conclusion:* Therefore, I was drugged.

### B.

*Major Premise:* One who is drugged can be raped without his knowledge.
*Minor Premise:* I was drugged.
*Conclusion:* Therefore, I was raped.

### C.

*Major Premise:* Those correctional officials who are involved in or knowledgeable of inmate rapes are liable.
*Minor Premise:* Defendants are correctional officials.
*Conclusion:* Therefore, defendants are liable.

Both fallacies of form and material fallacies inhere in each of these three arguments.

861 F.2d at 1438–39; *see also* R. Aldisert, *Opinion Writing* 127 (West 1990). For a discussion of the failures in logic evidenced in these arguments and his companion allegations of rape based on presence of fecal stains and semen on his underclothes, *see* R. Aldisert, *Logic for Lawyers: A Guide to Clear Legal Thinking* 141–43, 147–54, 193–207 (Clark Boardman 1989). The brute fact is that no possible amendment of his already "specific factual recitations" can surmount the defects in the theory upon which Hernandez bases liability.

### III.

As the majority now suggest, the test of frivolousness is not measured only by dictates of judicial notice. I previously have referred to this court's leading case of *Franklin v. Murphy,* 745 F.2d 1221 (9th Cir.1984):

> This analysis sets out *three* possible standards for dismissing a complaint as frivolous: 1) does the complaint recite bare legal conclusions without supporting facts? 2) does the complaint postulate wholly fanciful events or circumstances? 3) does the complaint conflict with facts of which a court may take judicial notice? (A fourth standard—redundancy—was added by *Tripati v. First Nat'l Bank & Trust,* 821 F.2d 1368, 1370 (9th Cir.1987))....

As I read *Franklin,* the "wholly fanciful" and "judicial notice" standards are two separate possible bases for dismissing a complaint as frivolous. Under *Franklin,* a court may indeed dismiss an action as frivolous if it is "dependent upon allegations which conflict with facts of which a district court may take judicial notice." Schroeder op. at 1426. However, a court may *also* dismiss as frivolous an action "postulating events or circumstances of a wholly fanciful kind." *Franklin* at 1228. I find Hernandez' allegations to be indisputably wholly fanciful.

*Hernandez v. Denton,* 861 F.2d at 1430 (Aldisert, J., dissenting).

IV.

In *Neitzke v. Williams*, 490 U.S. 319, 327–28, 109 S.Ct. 1827, 1832–33, 104 L.Ed.2d 338 (1989), the Court has explained:

> Section 1915(d) is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because ·of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit, *see, e.g. Williams v. Goldsmith*, 701 F.2d 603 (CA7 1983), and claims of infringement of a legal interest which clearly does not exist, like respondent Williams' claim that his transfer within the reformatory violated his rights under the Due Process Clause. Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.

I believe that the claims of Hernandez here, a sick man transferred from Folsom Prison to the Atascadero State Hospital for psychiatric treatment, constitute a paradigm of what the Court describes as "fantastic or delusional scenarios, claims with which federal district judges are all too familiar." I am convinced that this is the only reason the Court remanded the case to us.

Accordingly, I continue to dissent and would affirm the judgment of the district court.