**Britton Duane McKENZIE, Plaintiff,**

v.

**STATE OF WISCONSIN, DEPARTMENT OF CORRECTIONS, Stephen E. Bablitch, Donald Gudmanson, Judy Smith, Les Mlsna and Ray Poff, Defendants.**

No. 91–C–4.

United States District Court,
E.D. Wisconsin.

March 15, 1991.

Britton Duane McKenzie, pro se.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

Britton Duane McKenzie, currently incarcerated at the Kettle Morraine Correctional Institution, seeks redress under 42 U.S.C. § 1983, from the Department of Corrections for the State of Wisconsin and officers thereof, as well as from several officers and employees of the Oshkosh State Correctional Institution [Oshkosh], where he had been incarcerated prior to January 26, 1990. Mr. McKenzie's lengthy statement of claim relates his involvement in a somewhat bizarre series of events at Oshkosh. He alleges that these events constituted sexual harassment violative of his rights under the eighth amendment. Mr. McKenzie has filed a petition for leave to proceed with this action in forma pauperis; the petition will be granted.

In order to authorize a litigant to proceed in forma pauperis, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action; and second, whether the action is frivolous or malicious. 28 U.S.C. § 1915(a) and (d). Furthermore, the court is obliged to give Mr. McKenzie's pro se allegations, however inartfully pleaded, a liberal construction, see Haines v. Kerner, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972).

Mr. McKenzie has provided the court with the requisite affidavit of indigence, see 28 U.S.C. § 1915(a), and the court is satisfied that Mr. McKenzie is unable to pay the costs of commencing this action. Nevertheless, the court is obliged to deny Mr. McKenzie's petition to proceed in forma pauperis if his action is frivolous. An action is considered frivolous if there is no arguable basis for relief either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). At this stage, the court is obligated to accept the well-pleaded factual allegations as true.

Mr. McKenzie alleges that on July 5, 1989, he was transferred to Oshkosh from the Waupun Correctional Institution. He was assigned to the position of chapel clerk, assistant to then-Chaplain Jeff Evans. Upon his transfer, one of the secretaries in the security office, Vickie Fuller, "became attracted" to him and became aggressive in her affections toward him. However, the attraction was not mutual. Mr. McKenzie brought the situation to the attention of Chaplain Evans. Ms. Fuller began sending Mr. McKenzie "unmarked, unsigned greeting cards through the mail, each one becoming more and more 'mushy.'" Mr. McKenzie discussed the ever-worsening situation with a staff psychologist, David Rutter.

In late October 1989, Ms. Fuller volunteered to "supervise" him as he performed his duties as chapel clerk. This caused him to seek out Ms. Fuller's supervisor, Program Director Les Mlsna for help. Mr. Mlsna assured him that he did not approve of such an arrangement and that he would talk to Ms. Fuller. Mr. McKenzie complains that one day thereafter he was at work in his office when Ms. Fuller entered. As Mr. McKenzie relates the events, she "grabbed [him] and tried to kiss [him];" he "brushed her off and gave her the excuse of being seen and getting in trouble." When Mr. McKenzie approached Chaplain Poff with his dilemma, the chaplain "laughed and said he had already heard all about it." Nevertheless, he told Mr. McKenzie that he would "talk to [Ms. Fuller] and get it settled." Shortly after-

ward, the plaintiff complains, Ms. Fuller approached him in his office and "plopped herself" in his lap. Mr. McKenzie was apparently in great discomfort at that moment; according to his complaint, Ms. Fuller "is a large woman and [he] couldn't get up [and] couldn't hardly move."

By December, Mr. McKenzie's continued calls for assistance and protection brought a response from Mr. Mlsna, who issued an order that Ms. Fuller was not to be alone with Mr. McKenzie at any time. That, too, proved to be insufficient. Mr. McKenzie alleges that on one day in late December, she visited him in his office. In fear that "she was gonna plop herself in [his] lap again," he "quickly stood up." He concedes that this proved to be an ineffective tactic, as Ms. Fuller instead grabbed him in the crotch, causing him "nearly [to] hit the ceiling."

In sum, Mr. McKenzie's complaint is rife with allegations of other examples of sexual harassment by this prison staff member, as well as additional allegations of his having made complaints that went unattended by the supervisory staff at Oshkosh. Mr. McKenzie has gone to great lengths to communicate the fact that he "never encouraged nor tolerated" Ms. Fuller's advances. He has also pointed out that his repeated contacts with prison officials and repeated solicitations for assistance were never answered with an effective course of action (short of his transfer to Kettle Moraine). He asserts that he was "completely cleared" of any wrongdoing and that his transfer to Kettle Moraine was for non-disciplinary reasons. Notwithstanding his being "cleared," he also complains that his transfer has been viewed negatively by the Wisconsin Parole Board and that the result has been their refusal to consider him for a placement into minimum security. He now seeks damages in the amount of $510,000.

Mr. McKenzie's complaint, liberally construed, sets forth facts demonstrating that he may well be entitled to recover damages under 42 U.S.C. § 1983 for the sexual harassment he claims to have suffered. In light of the complexity of the issues raised in the complaint, the pro se law clerk is requested to appoint legal counsel to assist Mr. McKenzie in the prosecution of this action.

Therefore, IT IS ORDERED that the plaintiff's petition for leave to proceed in forma pauperis be and hereby is granted.