**Britton Duane McKENZIE, Plaintiff,**

v.

**STATE OF WISCONSIN, DEPARTMENT OF CORRECTIONS, Stephen E. Bablitch, Donald Gudmanson, Judy Smith, Les Mlsna and Ray Poff, Defendants.**

No. 91–C–4.

United States District Court,
E.D. Wisconsin.

Sept. 4, 1991.

Britton D. McKenzie, pro se.

James E. Doyle, Atty. Gen. by Stephen Nicks, Asst. Atty. Gen., Madison, Wis., for defendants.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

On January 2, 1991, Britton Duane McKenzie, currently incarcerated at the Winnebago Correctional Institution, filed this action seeking redress under 42 U.S.C. § 1983, from the Wisconsin Department of Corrections and officers thereof, as well as from several officers and employees of the Oshkosh State Correctional Institution [Oshkosh]. Mr. McKenzie had been incarcerated at Oshkosh until his transfer on January 26, 1990. On March 15, 1991, the court granted Mr. McKenzie's petition for leave to proceed in forma pauperis and, on its own motion, appointed counsel to assist him in the prosecution of his action, see 762 F.Supp. 255 (E.D.Wis.1991). Before the court are the following applications: the defendants' motion to vacate Mr. McKenzie's leave to proceed in forma pauperis and Mr. McKenzie's "petition for dismissal." Both applications will be granted and the action will be dismissed, with prejudice.

As the court noted in its decision and order granting Mr. McKenzie leave to proceed with this action in forma pauperis, see 762 F.Supp. at 256, his lengthy statement of claim relates his involvement in what may be best described as a "bizarre" series of events at Oshkosh.

Mr. McKenzie claimed that while he was incarcerated at Oshkosh he had been sexually harassed by Vickie Fuller, a woman employed as a secretary in the prison's security office. According to Mr. McKenzie, Ms. Fuller was aggressively affectionate toward him, although he had no "man to woman attraction toward her." He claimed that his continued calls to prison staff for assistance and protection brought only ineffectual responses. He cited several instances where he was physically unable to ward off Ms. Fuller as she attempted to make nonconsensual sexual contact with him. He further claimed that even after he was transferred to the Kettle Morraine Correctional Institution, Ms. Fuller, who had resigned from Oshkosh, persisted in her unrequited amorous advances. He provided (as an exhibit) a single letter he received from Ms. Fuller in May 1990—one of the "increasingly more frequent and sexually provacative [sic]" letters he claimed to be receiving.

In its decision and order, the court examined Mr. McKenzie's entitlement to proceed in forma pauperis under 28 U.S.C. § 1915. The court considered Mr. McKenzie's affidavit of indigence and found the poverty standard of § 1915(a) to have been met. The court next attempted to determine whether the action was "frivolous" or "malicious" as those terms are defined under § 1915(d).

When it examined the petition, the court had no reason to believe the underlying action was "malicious." Accordingly, the court examined whether the action was "frivolous"—"fanciful in fact" or "inarguable in law." See Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989). At all times, the court remained mindful of its obligation to accept Mr. McKenzie's well-pleaded factual allegations as true, see Haines v. Kerner, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972).

Although the court found Mr. McKenzie's factual allegations to be "bizarre," it could not deem them to be "fanciful"—resting upon facts that the court knows could not have occurred. See Hernandez v. Denton, 919 F.2d 573, 575 (9th Cir.1990). Furthermore, the court acknowledged that the action had an arguable basis in law: prisoners are entitled to the protection of the eighth amendment from sexual harassment directly at the hands of prison staff. Based upon its determination that Mr. McKenzie's complaint contained allegations of sexual harassment that were not clearly frivolous, the court granted his petition to

proceed in forma pauperis under 28 U.S.C. § 1915.

In support of their motion to vacate that decision, the defendants have submitted the following materials: (1) a fifty-two page exhibit [hereafter "DX"] consisting of copies of letters that Mr. McKenzie had mailed to Ms. Fuller during the relevant time period; and (2) an affidavit of Ms. Fuller attesting to the accuracy of the exhibit.

Even a cursory review of the defendants' evidentiary materials discloses the frivolous and malicious—as well as fraudulent—nature of Mr. McKenzie's action. The exhibit, which includes a letter in which Mr. McKenzie reveals his sexual fantasies and invites Ms. Fuller to do the same, completely contradicts the tale of sexual harassment told in Mr. McKenzie's complaint. See DX at 42–43. The bad faith underlying Mr. McKenzie's claim is most prominently evidenced by his letter offering to split with Ms. Fuller the proceeds from this action. DX at 52. Each of Mr. McKenzie's fourteen letters to Ms. Fuller demonstrates convincingly that the action was fanciful in fact and was motivated by a malicious intent. As such, the action is clearly unfit for in forma pauperis status under 28 U.S.C. § 1915(d).

Mr. McKenzie has not responded to the defendants' motion to vacate his in forma pauperis status, which motion will be granted; instead he has filed a petition for dismissal. I believe that Mr. McKenzie has engaged in a partially successful attempt to perpetrate a fraud on the court. Unfortunately, he has utilized judicial resources with this fraudulent action. I find it disturbing that an abusive prisoner action such as this may cast a shadow of discredit over the many legitimate prisoner civil rights actions filed in this court each year.

In a day when limited judicial resources are already overwhelmed with legitimate judicial tasks, I am unable lightly to countenance fraudulent conduct such as that of Mr. McKenzie. I have invited the United States Attorney for this district to investigate the matter.

Therefore, IT IS ORDERED that the defendants' motion to vacate Mr. McKenzie's leave to proceed in forma pauperis be and hereby is granted.

IT IS ALSO ORDERED that the decision and order granting Mr. McKenzie leave to proceed with this action in forma pauperis be and hereby is vacated.

IT IS FURTHER ORDERED that Mr. McKenzie's petition for dismissal be and hereby is granted.

IT IS FURTHER ORDERED that the action be and hereby is dismissed, with prejudice.