959 F.2d 240
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cecil T. KINKADE, Plaintiff-Appellant,
v.
C. GOLDSMITH, Sgt.; J. Wolfe, Lt., Veronica Perea; R.
Mauldin, Captain; Don Schiavo, Lt.; J.C. Martinez, Deputy
Warden; Michael J. Baugher, Captain; David G. Sylvia,
Sgt.; Kelly Spencer, Deputy Warden; James McFadden, Deputy
Warden; John Hallahan, Deputy Warden; CPS Robinson,
Committee Chairperson; J. Biegenwald, CPO II; FRIGO,
Institution Administrator; Phillips, Central
Classification; James R. Upchurch; Elidora Pisano, CPS;
John Avenenti, Deputy Warden; Frank Terry, Major; Sgt.
Woods; Salazar, Assistant Deputy Warden; Lt. Smart; James
Decker, CPO II; H. Shaw, Grievance Coordinator; Bob
Goldsmith, Region Warden; Officer Byrd; CPO II Valdez;
Mary Hunt, Account Office; Jack Boes, CPO II; J.L. Morgan,
Account Office, Defendants-Appellees.
 No. 89-15907.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 4, 1992.*
Decided April 2, 1992.
 
 1
 Before HUG and PREGERSON, Circuit Judges, and PECKHAM,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Cecil Kinkade, an inmate of the Arizona State Prison system, brought a claim in forma pauperis before the federal district court in Arizona. Kinkade alleged violations of his civil rights by certain officers of the prison in which he is incarcerated. The district court dismissed Kinkade's claim sua sponte prior to service, on the grounds that Kinkade failed to state a constitutional claim. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse the district court.
 
 DISCUSSION
 
 4
 When a claim is lodged in forma pauperis, the district court may dismiss the case only if "satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d). The Supreme Court has held that a claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 (1989). A complaint is frivolous only if it contains 'inarguable legal conclusion[s]' or 'fanciful factual obligations.' " McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991), (quoting Neitzke, 109 S.Ct. at 1833). See also Hernandez v. Denton, 929 F.2d 1374, 1376 (9th Cir.), cert. granted, 112 S.Ct. 369 (1991).
 
 
 5
 Kinkade lodges several claims. He argues that he was deliberately subjected to cold temperatures, and often denied food. He also argues that he was not afforded an impartial disciplinary hearing. His inadequate heating and food claims are cognizable as violations of the Eighth Amendment. Wilson v. Seiter, 111 S.Ct. 2321 (1991). His impartial hearing claim is cognizable under Wolff v. McDonnel, 418 U.S. 539, 94 S.Ct. 2963 (1974). Kinkade supports all of his claims with extensive factual allegations.
 
 
 6
 Kinkade's claims are neither without legal substance nor based upon fanciful factual allegations. We hold that sua sponte dismissal of Kinkade's claims was inappropriate. We therefore REVERSE and REMAND.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Robert F. Peckham, Senior United States District Judge of the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3