960 F.2d 152
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Stuart ROBERTSON, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 88-4189.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 30, 1992.*
Decided April 17, 1992.
 
 Before CHOY, SNEED and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Stuart Robertson appeals pro se the district court's dismissal of his claim as frivolous under to 28 U.S.C. § 1915(d). Finding that Robertson's complaint makes out a cognizable basis for relief, we reverse.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 3
 In his complaint, Robertson alleged that Bureau of Alcohol, Tobacco and Firearms ("BATF") agents stole property from his automobile during a search conducted in Bellingham, Washington. Robertson alleges that the agents arrested him and impounded and searched his vehicle. After approximately nine months, BATF freed Robertson from custody and released his vehicle.
 
 
 4
 When he arrived at his home in Canada, Robertson checked his automobile and discovered that a personal address book and a case containing a calculator and two one thousand dollar United States federal reserve notes were missing from the trunk. He filed a complaint with the BATF Internal Affairs Office, which initially denied any knowledge of the missing items because they were not listed on any inventory records. Thereafter, BATF officials travelled to Canada and returned the missing items with the exception of the money. BATF officials informed Robertson that they found the calculator in the possession of an agent not connected with the case, who claimed that he found it in an office wastebasket.
 
 
 5
 Robertson filed a Federal Tort Claims Act ("FTCA") claim against the United States in forma pauperis on July 12, 1988 for "failure to properly inventory, care for, and return" his property. On July 25, 1988, the district court entered a minute order dismissing the action as frivolous under 28 U.S.C. § 1915(d). Robertson filed this appeal.
 
 ANALYSIS
 
 6
 Section 1915(d) provides in relevant part, "the [district] court may ... dismiss the case ... if satisfied that the action is frivolous or malicious." District courts may dismiss frivolous in forma pauperis actions sua sponte prior to the issuance of process.
 
 
 7
 This court reviews de novo dismissal of a pro se complaint as frivolous. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989). "A complaint is 'frivolous within the meaning of section 1915(d) only if it lacks an arguable basis in law or fact. Thus, a judge may dismiss IFP [in forma pauperis ] claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.' " Id. (quoting Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); see also Hernandez v. Denton, 929 F.2d 1374, 1376 (9th Cir.) (factually frivolous claims are those that rest upon facts the "court knows could not have occurred"), cert. granted, 112 S.Ct. 369 (1991); Guti v. United States INS, 908 F.2d 495, 496 (9th Cir.1990) (claim not frivolous where no controlling authority bars claim as a matter of law).
 
 
 8
 "Under the FTCA, the federal government assumes liability for wrongs that would be actionable in tort if committed by a private party under analogous circumstances, under the law of the state where the act or omission occurred." Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989). Under Washington state law, when an individual wilfully interferes with property without lawful justification and deprives the owner of possession, he is guilty of a conversion. Paris American Corp. v. McCausland, 52 Wash.App. 434, 759 P.2d 1210, 1215 (1988).
 
 
 9
 Robertson alleges that BATF agents searched his car, removed two one thousand dollar notes, and failed to return them to him. The agents' actions, if true and undertaken by a private party, would give rise to a cause of action for conversion under Washington law. See Love, 915 F.2d at 1246; McCausland, 759 P.2d at 1215.
 
 
 10
 The district court's reliance on Kosak v. United States, 465 U.S. 848, 851 (1984) is misplaced. Kosak held that the government may not be held liable for "negligent handling or storage of detained property." Id. at 854. Robertson's claim is obviously distinguishable because his allegations support a claim that the agents stole his property rather than negligently mishandled it. See Love, 915 F.2d at 1246-47.[1] Based on these allegations, a rational trier of fact could find an arguable basis in law and fact for issuance and service of process on the government. See id. at 1247; Jackson, 885 F.2d at 640.[2]
 
 CONCLUSION
 
 11
 The district court's order dismissing the action as frivolous is REVERSED and the case is REMANDED for service of process and further proceedings.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 While Robertson's claim does not explicitly distinguish negligence and theft, we construe the "inartful pleading" of pro se plaintiff's liberally. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir.1987); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987)
 
 
 [2]
 We also believe that Robertson has a possible action under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971) since his claim, if true, would constitute a deprivation of property without due process of law. See Love, 915 F.2d at 1249 (claim that federal agents deprived plaintiff of property without due process stated a claim under the Constitution). On remand, Robertson should be allowed to amend his complaint to include this claim