5 F.3d 544
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Juan D. VEGA, Jr., Plaintiff-Appellant,
v.
UNITED STATES of America, et al., Defendants-Appellees.
 No. 92-36581.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 26, 1993.
 
 Appeal from the United States District Court for the Western District of Washington; No. C-91-597-WD, William L. Dwyer, District Judge, Presiding.
 W.D.Wash.
 AFFIRMED.
 Before PREGERSON, BRUNETTI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Juan D. Vega, Jr., appeals pro se from the district court's dismissal of his civil rights action as frivolous, pursuant to 28 U.S.C. Sec. 1915(d). Vega alleged that various of his state and federal rights were violated when information from his confidential informant file was given to Internal Revenue Service (IRS) agents by members of the Seattle Police Department. He also alleged that a burglary of the files by police had occurred, and that all persons involved were motivated by racial discrimination.
 
 
 3
 His initial complaint was dismissed as frivolous on the basis that the facts alleged did not show that Vega's rights had been violated. His amended complaint was filed February 24, 1992. The district court adopted the magistrate's report and recommendation, which concluded that Vega had failed to show how the transmission of information from the confidential informant files to IRS agents violated his constitutional rights; the search of the files by police was not a search within the meaning of the Fourth Amendment; and Vega had not stated sufficient facts to support his claim of racial discrimination.
 
 
 4
 A pro se prisoner complaint may not be dismissed under section 1915 unless it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319 (1989); Hernandez v. Denton, 929 F.2d 1374, 1376 (9th Cir.1990). First, Vega stated no facts indicating that the defendants acted as they did because of his race. The district court properly dismissed the claims alleging race discrimination. Also, the search of the files was not a search within the meaning of the Fourth Amendment.
 
 
 5
 Vega also attempted to state a Section 1983 claim based on his Fourteenth Amendment privacy rights and due process rights. The Fourteenth Amendment protects an individual's interest in avoiding disclosure of personal matters. Whalen v. Roe, 429 U.S. 589, 599-600 (1977); see also Nixon v. Administrator of Gen. Servs., 433 U.S. 425 (1977). The government may collect and use information that may be harmful if disclosed, but the government's right is typically accompanied by a concomitant duty, statutory or Constitutional, to avoid unwarranted disclosure. Whalen, 429 U.S. at 605. The individual's right of confidentiality is not a general right to nondisclosure; indeed, Vega is concerned with the police's treatment of information he had already disclosed for a limited purpose to the police.
 
 
 6
 He alleges that he had relied on "explicit assurances" given by Seattle Police Detectives that his identity and the source of information that he supplied would be kept confidential, and argues that the Seattle Police Department "failed to exercise reasonable care" by informing him of the "burglary" of his file or by warning him, because the Department had assumed a duty to keep the information confidential. Vega has not asserted violation of a constitutional right.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3