951 F.2d 362
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard Emmett SMILEY, Plaintiff-Appellant,
v.
Michael CONCHA, et al., Defendant-Appellee.
 No. 90-56231.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 11, 1991.*
Decided Dec. 19, 1991.
 
 Before WALLACE, Chief Judge, SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Emmett Smiley, a former California state prisoner, appeals pro se the district court's denial of leave to file his 42 U.S.C. § 1983 action without prepayment of the filing fee on the ground that the action was frivolous. We affirm.
 
 
 3
 Under 28 U.S.C. § 1915(a), a district court may grant in forma pauperis status if a litigant is unable to pay the costs of the suit. Nevertheless, the district court may deny leave to proceed in forma pauperis if the action is frivolous. Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1369 (9th Cir.1987). A claim is frivolous if it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 4
 In his complaint, Smiley alleged that he was denied the opportunity to have essential trial witnesses testify in his defense during his state court criminal proceedings. He did not seek damages, but requested that his conviction be overturned.
 
 
 5
 Because Smiley seeks to overturn his conviction, his exclusive federal remedy is a writ of habeas corpus. See Preiser v. Rodrigeuz, 411 U.S. 475, 500 (1973). Generally, a district court should construe a section 1983 complaint that seeks habeas relief as a habeas petition. See Franklin v. Oregon, 662 F.2d 1337, 1347 & n. 13 (9th Cir.1981). Here, however, the district court did not have subject matter jurisdiction to consider a habeas petition because Smiley was released from custody in 1984. See 28 U.S.C. § 2241(c); 28 U.S.C. § 2254(a); Carafas v. LaVallee, 391 U.S. 234, 238 (1968) (it is a statutory jurisdictional prerequisite that a habeas corpus petitioner be in custody at the time he files his petition). Accordingly, we affirm the district court's denial of Smiley's motion to proceed in forma pauperis. See Tripati, 821 F.2d at 1370.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3