951 F.2d 362
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Saud Abdul-Alim SHABAZZ, a/k/a Maurice Walker, Petitioner-Appellant,
v.
Michael J. QUINLAN, Director, Defendant-Appellee.
 No. 90-56379.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1991.*
Decided Dec. 30, 1991.
 
 Before WILLIAM A. NORRIS, WIGGINS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Saud Abdul-Alim Shabazz, a.k.a. Maurice Walker, a federal prisoner, appeals pro se the district court's order denying him leave to file his pro se civil rights complaint in forma pauperis on the ground that the action was frivolous. In his complaint, Shabazz alleged that prison officials (1) violated his first amendment right to free exercise of religion, and (2) subjected him to cruel and unusual punishment in violation of the eighth amendment. We review for an abuse of discretion, O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir.1990), and vacate and remand.
 
 
 3
 Under 28 U.S.C. § 1915(a), a district court may grant in forma pauperis status if a litigant is unable to pay the costs of the suit. Nevertheless, the district court may deny leave to proceed in forma pauperis if the complaint is frivolous. Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1369 (9th Cir.1987). A complaint is frivolous when it lacks an arguable basis in law or fact. Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). In civil rights actions where the plaintiff appears pro se, the district court must construe pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). A pro se plaintiff with an arguable claim is entitled to issuance and service of process. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989).
 
 
 4
 Here, we cannot say from the face of Shabazz's complaint that his claims are wholly frivolous or that he cannot state a civil rights claims against the defendants. See United States v. Kenner, 605 F.2d 850 (5th Cir.1979) (per curiam) (allegations in civil rights complaint by prisoners that they were practicing Muslims, that they requested not to handle pork, that their requests were denied, and that they were forced to handle pork, stated claim upon which relief could be granted); Chapman v. Pickett, 586 F.2d 22 (7th Cir.1978) (federal prisoner may be entitled to monetary damages for eighth amendment violation where prison officials placed him in segregation for indeterminate period of time due to prisoners refusal to handle pork because of religious beliefs), vacated on other grounds, 108 S.Ct. 54 (1987). Therefore, we vacate and remand for the district court to serve the defendants. See Jackson, 885 F.2d at 640.
 
 
 5
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3