972 F.2d 1340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence S. KRAIN, M.D., Plaintiff-Appellant,
v.
STATE BAR OF CALIFORNIA, Michael Capizzi; Corinne S.
Shulman, Keith Monroe; Daniel Lundgren, Attorney
General; Howard Winkler, et al.,
Defendants-Appellees.
 No. 91-16138.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1992.*
Decided Aug. 14, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lawrence S. Krain, M.D., appeals pro se the district court's dismissal pursuant to Fed.R.Civ.P. 12(b)(6) of his civil rights action against the State Bar of California, Orange County, various state prosecutors, and his public defenders in his prior criminal proceedings. Krain also appeals the district court's imposition of a prefiling order. We review the dismissal de novo, Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir.1987), and the imposition of a prefiling order for an abuse of discretion, O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir.1990). We affirm.
 
 
 3
 Krain first contends that the district court erred by setting aside the default judgment against defendants Winkler and Monroe. This contention is meritless. The district court properly set aside the default judgment because the defendants were not served properly under Fed.R.Civ.P. 4(c).
 
 
 4
 Krain next challenges the district court's dismissal of his action. In his complaint, Krain claimed that the defendants conspired to harass him and obstruct his suits because he is a Jew and a Democrat. The district court properly dismissed Krain's complaint under Rule 12(b)(6). The prosecutors are absolutely immune from suit. See Imbler v. Pactman, 424 U.S. 409, 431 (1976). The public defenders and other defendants as private persons are not subject to suit under 42 U.S.C. § 1983 because they are private parties who do not act under color of state law. See Polk County v. Dodson, 454 U.S. 312, 317-18 (1981). Krain's vague and conclusory allegations of conspiracy were insufficient to withstand the defendants' motions to dismiss. See Karim-Panahi v. Los Angeles County Police Dep't, 839 F.2d 621, 626 (9th Cir.1988); Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982). The bar association is absolutely immune from liability for its alleged failure to "discipline Krain's multiple erring attorneys." See Richardson v. Koshiba, 693 F.2d 911, 914 (9th Cir.1982) (absolute immunity for bar grievance committees when prosecuting claims of professional misconduct, which is an "integral part of the judicial process") (quotation omitted). Orange County cannot be held responsible on a respondeat superior theory under section 1983 for what Krain alleges to be misconduct by the county public defenders and prosecutors. See Davis v. Mason County, 927 F.2d 1473, 1480 (9th Cir.), cert. denied, 112 S.Ct. 275 (1991). Krain's claim for injunctive relief is meritless because he did not state a claim regarding either a present constitutional violation or the threat of a future violation. See City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983).
 
 
 5
 We affirm the district court's dismissal of Krain's state tort claims for the reasons stated in the district court's July 5, 1991 memorandum decision. We also affirm the district court's dismissal of the complaint without leave to amend on the ground that the action duplicated previous actions and thus amendment would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962); Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir.1987).
 
 
 6
 Krain also contends the district court erred by imposing a prefiling order requiring him to certify to the district court that any claims raised in future actions are new claims. This contention is meritless.
 
 
 7
 Before a district court issues a prefiling order, the following requirements must be met: (1) the plaintiff must be given notice and the opportunity to oppose the motion, (2) there must be an adequate record for review, (3) the court must make substantive findings of frivolousness, and (4) the order must be tailored narrowly to curb the abuses of the particular litigant. De Long v. Hennessey, 912 F.2d 1144, 1147-48 (9th Cir.), cert. denied, 111 S.Ct. 562 (1990). All four requirements have been met in this case.
 
 
 8
 Krain also alleges that Judge Patel erred by failing to recuse herself because she is a member of the state bar of California and is anti-semitic. This contention is meritless. The standard for recusal is "whether a reasonable person with knowledge of all of the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Nelson, 718 F.2d 315, 321 (9th Cir.1983). Krain's allegations do not establish that a reasonable person would question Judge Patel's impartiality.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Krain's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3