8 F.3d 27
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ben J. KATO, Plaintiff-Appellant,
v.
Vernon L. FAATZ, et al., Defendants-Appellees.
 No. 93-35349.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1993.*
Decided Oct. 1, 1993.
 
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ben Kato, an Oregon state prisoner, appeals pro se the district court's 28 U.S.C. § 1915 dismissal as frivolous of his 42 U.S.C. § 1983 complaint alleging that the Oregon Parole Board imposed a ten-year minimum sentence on the basis of an adverse psychiatric report. We review for an abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and affirm in part, and remand in part.
 
 
 3
 In his complaint Kato appears to argue that he is wrongfully confined for a ten-year minimum period because when he went before the parole board, the state psychiatrist's evaluation indicated that if released, Kato would be a threat to the community. Kato seeks release from confinement and monetary damages against the parole board for each day of imprisonment.
 
 
 4
 Frivolous in forma pauperis complaints may be dismissed sua sponte pursuant to 28 U.S.C. § 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Id. at 325. "Where a state prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus." Young v. Kenny, 907 F.2d 874, 876 (9th Cir.1990) (citing Preiser v. Rodriguez, 411 U.S. 475, 484 (1973)), cert. denied, 111 S.Ct. 1090 (1991). Thus, when a state prisoner files a pro se § 1983 complaint, seeking relief available only under habeas corpus, the district court should construe the complaint to that extent as a habeas petition, and require exhaustion of state remedies. See Franklin v. Oregon, 662 F.2d 1337, 1347 n. 13 (9th Cir.1981). If the prisoner has not exhausted all available state remedies, the district court should dismiss the habeas claims without prejudice. Ybrarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 681 (9th Cir.1984). Nevertheless, the district court should stay, rather than dismiss, the § 1983 action until state remedies are exhausted. Young, 907 F.2d at 240.
 
 
 5
 Here, the district court correctly construed Kato's complaint as a habeas petition to the extent that Kato challenged the duration of his confinement, and sought immediate release from confinement. See Preiser, 411 U.S. at 484; Young, 907 F.2d at 876. The district court, however, reasoned that the claim for money damages under § 1983 should not be stayed because the defendants, as parole board members, were absolutely immune from suit for money damages. See Bermudez v. Duenas, 936 F.2d 1064, 1066 (9th Cir.1991) (parole board members are absolutely immune from liability for damages for their actions when processing parole applications). Therefore, Kato cannot allege a § 1983 claim against the defendants, and the claim lacks an arguable basis in law. See Neitzke, 490 U.S. at 324. The claim for money damages was therefore properly dismissed as frivolous pursuant to 28 U.S.C. § 1915(d). See id.
 
 
 6
 The district court further stated that it declined to treat the action as a habeas petition because Kato already had a habeas action pending before the court. The district court cited Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir.1987), for the proposition that a claim "arising out of the same series of events and alleging the same facts as another pending action" may be dismissed as frivolous.
 
 
 7
 We note, however, that Tripati is not squarely on point in the instant action. In Tripati, the district court dismissed a claim as frivolous because it prematurely sought review of another pending action involving the same parties and the same transactions. See Tripati, 821 F.2d at 1370. Thus, the district court in Tripati reasoned that "Tripati's premature action to attack a default judgment in a collateral proceeding is clearly frivolous." Id. at 1370.
 
 
 8
 In contrast, here, Kato does not prematurely seek review of a pending action. Rather, Kato's action seeking release from confinement is a claim properly brought in a petition for habeas corpus. Only here, Kato already has a habeas petition pending in the district court. While an in forma pauperis petitioner has no right to bring repetitive or duplicative claims, see, e.g., Hernandez v. Denton, 861 F.2d 1421, 1425 (9th Cir.1988) (rev'd on other grounds, 112 S.Ct. 369 (1992), it is unclear from the record that this habeas claim is duplicative. The habeas petition filed by Kato in the pending action has not been incorporated into the record of this case, and we therefore cannot review the propriety of the district court's dismissal of this claim. We therefore remand on this claim for further proceedings. If the district court can accompany its decision with the habeas petition in the pending action alleging the same claim, or otherwise show that the claim is duplicative, the action may be dismissed on remand.
 
 
 9
 Accordingly, we affirm the district court's dismissal of Kato's claim for money damages, and we remand for further proceedings on the dismissal of the habeas claim.
 
 
 10
 AFFIRMED IN PART, REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3