46 F.3d 1139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Etta COLLIER, Plaintiff-Appellant,
v.
STATE OF CALIFORNIA, Defendant-Appellee.
 No. 94-55927.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 25, 1995.*
Decided: Feb. 1, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Etta Collier appeals pro se the district court's order denying her leave to file her civil rights complaint under 42 U.S.C. Sec. 1983 in forma pauperis. In her complaint, Collier alleged that the state defendants failed to prevent private defendant Feagin from murdering one of her brothers and physically and psychologically injuring another brother, thus depriving her of her constitutional right to familial companionship. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Standard of Review
 
 
 4
 We review a denial of leave to proceed in forma pauperis for abuse of discretion. O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir. 1990) (citing Weller v. Dockson, 314 F.2d 598, 600 (9th Cir.), cert. denied, 375 U.S. 845 (1963)). Under the abuse of discretion standard, a reviewing court cannot reverse unless it has a definite and firm conviction that the court below committed a clear error of judgment or acted in an arbitrary fashion unjustified by the situation and circumstances of the case. Id.
 
 II
 Merits
 
 5
 Collier contends that the district court erred by denying her motion for leave to proceed in forma pauperis because her complaint does state a claim and is not frivolous. This contention lacks merit.
 
 
 6
 A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. Tripati v. First Nat. Bank & Trust, 821 F.2d 1368 F.2d 1368, 1370 (9th Cir. 1987). "[A] complaint ... is frivolous where it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 7
 To sustain an action under 42 U.S.C. Sec. 1983, a plaintiff must show: (1) that the conduct complained of was committed under color of state law; and (2) that the conduct deprived the plaintiff of a constitutional right. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).
 
 
 8
 Here, defendant Feagin did not act under color of state law; thus, Collier's section 1983 action against him is frivolous. See 42 U.S.C. Sec. 1983; see also Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974) ("purely private conduct, no matter how wrongful, is not within the protective orbit of section 1983"), cert. denied, 421 U.S. 949 (1975).
 
 
 9
 In addition, with respect to Collier's claims against the remaining defendants, "[t]here is, in general, no constitutional duty of state officials to protect members of the public at large from crime." Balistreri, 901 F.2d at 699-670; see DeShaney v. Winnebago County Social Servs. Dep't, 489 U.S. 189, 195 (1989) ("a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause"). Thus, because the state had no duty to protect Collier's brothers, and Collier's alleged deprivation of her right to her brothers' companionship derives from their injuries, Collier's complaint has no arguable basis in law. Id.
 
 
 10
 Accordingly, the district court did not abuse its discretion by denying Collier's motion to proceed in forma pauperis. See 28 U.S.C. Sec. 1915(a); Neitzke, 490 U.S. at 325.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3