**Anant Kumar TRIPATI,**
**Plaintiff-Appellant,**

v.

**FIRST NATIONAL BANK & TRUST, et al., Defendants-Appellees.**

No. 86–3674.

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 1987 \*.

Decided July 10, 1987.

Circuit Rule 3(f) and Fed.R.App.P. 34(a).

Anant Kumar Tripati, San Pedro, Cal., pro se.

Thomas Towe, Billings, Mont., for defendant-appellee.

Before ALARCON, BEEZER and WIGGINS, Circuit Judges.

ALARCON, Circuit Judge:

Anant Kumar Tripati (hereinafter Tripati) appeals from the denial of his motion for leave to proceed in forma pauperis. Tripati sought to file an action against First National Bank & Trust (hereinafter Bank) and his former attorney, Chester L. Brown (hereinafter Brown) for fraud and violations of the Racketeer Influenced and Corrupt Organizations Act (hereinafter RICO). Tripati filed a motion for leave to proceed in forma pauperis. The district court denied the motion, and reasoned that Tripati (1) "is attempting to relitigate matters which have been resolved against him in *First National Bank & Trust v. Fort Lincoln Life Insurance Co.*, CV–83–192–BLG[,] ... [ (2) p]laintiff's complaint is of dubious merit and [3] plaintiff has shown no exceptional circumstances which convince the Court" that the motion should be granted. Tripati contends that the district court abused its discretion in denying his motion. We disagree.

## I.

"The denial by a District Judge of a motion to proceed *in forma pauperis* is an appealable order." *Roberts v. United States District Court*, 339 U.S. 844, 845, 70 S.Ct. 954, 955, 94 L.Ed. 1326 (1950); *Lipscomb v. United States*, 301 F.2d 905, 905 (9th Cir.1962) (per curiam). We review the district court's denial of leave to proceed in forma pauperis in civil cases for abuse of discretion. *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir.), *cert. denied*, 419 U.S. 1090, 95 S.Ct. 683, 42 L.Ed.2d 683 (1974). We review *de novo* the district court's apparent determination that Tripati's complaint lacked arguable substance in law or fact. *Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir.1985).

## II.

Tripati contends the district court erred in denying his motion for leave to proceed in forma pauperis because his complaint does state a claim and is not frivolous. We disagree.

Under 28 U.S.C. § 1915(a) (1982 & Supp. III 1985), the district court "may authorize the commencement ... [or] prosecution ... of any suit ... without prepayment of fees and costs ... by a person who makes affidavit that he is unable to pay such

**1370**

costs...." The court may also dismiss the case if the action is frivolous. *Id.* § 1915(d).

A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Reece v. Washington,* 310 F.2d 139, 140 (9th Cir.1962); *Smart v. Heinze,* 347 F.2d 114, 116 (9th Cir.), *cert. denied,* 382 U.S. 896, 86 S.Ct. 192, 15 L.Ed.2d 153 (1965). The district court found that Tripati's complaint "is of dubious merit" and denied his motion to proceed in forma pauperis.

 An in forma pauperis complaint is frivolous if "it had no arguable substance in law or fact." *Rizzo,* 778 F.2d at 529; *Franklin v. Murphy,* 745 F.2d 1221, 1228 (9th Cir.1984). However, pro se plaintiffs proceeding in forma pauperis "must also be given an opportunity to amend their complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Franklin,* 745 F.2d at 1228 n. 9 (quoting *Stanger v. City of Santa Cruz,* 653 F.2d 1257, 1257–58 (9th Cir.1980)).

Tripati's proposed complaint's allegations against the Bank seek review of *First National Bank & Trust v. Fort Lincoln Life Ins. Co.,* CV 893–192–BLG, another action pending before the district court involving the same parties and the same transactions. In that case, a default judgment was entered against Tripati, but a final judgment has not been entered. Thus, Tripati's premature action to attack a default judgment in a collateral proceeding is clearly frivolous.

Tripati's complaint also alleges that his attorney Brown acted in concert with the Bank to deny him access to court. Since, as we noted above, Tripati's claim against the Bank for racketeering activities is frivolous because it is premature, his related claim against Brown for participating in these activities is also frivolous.

Tripati's only factual allegation in his complaint is that Brown "failed to plead." Assuming the truth of this allegation, the complaint does not state a claim for fraud or racketeering. No relationship between the Bank and Brown was factually alleged, nor is it disclosed by the record. Therefore, it appears from the record that Tripati cannot allege any facts in support of his claims, and the deficiencies of the complaint could not be cured by amendment. The district court did not abuse its discretion in denying Tripati leave to proceed in forma pauperis.

The judgment is AFFIRMED and the matter is REMANDED to the district court to dismiss the action under 28 U.S.C. § 1915(d).