945 F.2d 408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lincoln Lane ADDLEMAN, Jr., Plaintiff-Appellant,
v.
Dennis MARSH, Executive Secretary, Indeterminate Sentence
Review Board, Defendant-Appellee.
 No. 90-35301.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1991.*
Decided Oct. 8, 1991.
 
 Before HUG, WILLIAM A. NORRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lincoln Lane Addleman, Jr., a Washington state prisoner, appeals pro se the district court's order denying him leave to file his pro se civil rights complaint in forma pauperis on the grounds that the action was frivolous and failed to state a claim. We review for an abuse of discretion, O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir.1990), and affirm.
 
 
 3
 In his complaint, Addleman alleged that Marsh, the Executive Secretary of the Washington Indeterminate Sentence Review Board, denied him his rights to due process and equal protection in connection with a parole consideration hearing. He also alleged an ex post facto violation. Addleman sought damages and declaratory and injunctive relief.
 
 
 4
 Under 28 U.S.C. § 1915(a), a district court may grant in forma pauperis status if a litigant is unable to pay the costs of the suit. Nevertheless, the district court may deny leave to proceed in forma pauperis if the complaint is frivolous. Tripati v. First National Bank & Trust, 821 F.2d 1368, 1369 (9th Cir.1987). A complaint is frivolous when it lacks an arguable basis in law or fact. Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989).
 
 
 5
 Marsh is absolutely immune from liability for damages for actions taken when processing parole applications. See Sellars v. Procunier, 641 F.2d 1295, 1302 (9th Cir.), cert. denied, 454 U.S. 1102 (1981). Moreover, to the extent Addleman seeks to challenge the fact or duration of his confinement, his exclusive federal remedy is a writ of habeas corpus under 28 U.S.C. § 2254. See Preiser v. Rodriquez, 411 U.S. 475, 500 (1973). Therefore, the district court properly dismissed Addleman's complaint as frivolous under 28 U.S.C. § 1915(d).[1]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal, Addleman raises numerous issues that were not raised in the district court. Because there are no extraordinary circumstances warranting review, we decline to address the issues. See United States v. Oregon, 769 F.2d 1410, 1414 (9th Cir.1985)