955 F.2d 47
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary W. CHING, Plaintiff/Appellant,
v.
ARIZONA DEPARTMENT OF CORRECTIONS, et al., Defendants/Appellees.
 No. 89-15820.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1992.*
Decided Feb. 19, 1992.
 
 Before GOODWIN, FARRIS and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 We have carefully reviewed the record to determine whether any genuine issue of material fact was raised. We find none.
 
 
 3
 To prevail on a § 1983 claim, Ching must show that he "was deprived of a right secured by the Constitution or laws of the United States and ... the deprivation was caused by state action." Kennedy v. Los Angeles Police Dep't., 901 F.2d 702, 705 (9th Cir.1989) (citations omitted).
 
 
 4
 The government submitted three uncontroverted affidavits establishing that: 1) Ching never requested protective custody; and 2) Ching did not tell prison officials that inmates had threatened him. Ching has failed to allege facts to support a finding that the defendants were deliberately indifferent to his danger.
 
 
 5
 Ching also asserts that inadequate ventilation violated his Eighth Amendment rights. See Hoptowit v. Spellman, 755 F.2d 779, 784 (9th Cir.1985). The government submitted affidavits establishing that: 1) Ching failed to complain about the ventilation; and 2) the ventilation worked properly. Conclusory allegations are insufficient to preclude the grant of summary judgment.
 
 
 6
 Ching contends that he received inadequate medical and dental care, but he fails to allege any facts to demonstrate that officials acted with "deliberate indifference" to his serious illness or injury. Estelle v. Gambel, 429 U.S. 97, 105 (1976). The government has submitted his dental and medical records and the prison dentist's affidavit. Nothing in the record raises a question of fact regarding the adequacy of medical care.
 
 
 7
 Ching argues that the district court erred because he failed to receive a due process hearing before being placed in administrative lockdown. A court may dismiss a lawsuit if it arises from the same series of events and alleges the same facts as another action filed by the same party. Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th cir.1987). The same issue was under consideration in a pending case.
 
 
 8
 Ching also asserts that the jury verdict goes against the weight of the evidence. Our review is satisfied if the record contains substantial evidence to support the verdict. Landes Const. Co., Inc. v. Royal Bank of Canada, 833 F.2d 1365, 1370-71 (9th Cir.1987). It does.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3