**Ervin Charles ST. AMAND,**
**Plaintiff–Appellant,**

v.

**Sherman BLOCK; et al., Defendants–**
**Appellees.**

No. 00–56093.

D.C. No. CV–00–05963–TJH.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 11, 2002 *.

Decided Feb. 20, 2002.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before B. FLETCHER, T.G. NELSON, and TALLMAN, Circuit Judges.

### MEMORANDUM**

Former California state prisoner Ervin Charles St. Amand appeals pro se the district court's order denying him leave to file his 42 U.S.C. § 1983 complaint in forma pauperis. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion the district court's dismissal of an in forma pauperis action as frivolous, and we review de novo the district court's apparent determination that the plaintiff's complaint lacked arguable substance in law or fact. *Tripati v. First Nat'l Bank & Trust,* 821 F.2d 1368, 1369 (9th Cir.1987). We affirm in part, and reverse and remand in part.

■■■ The district court denied St. Amand's application to proceed in forma pauperis on the ground that his claims were frivolous. St. Amand's Eighth Amendment claims, alleging that the defendants ignored his requests for medical attention for a week resulting in a perforated appendix, refused to follow his doctor's directions to change his dressing post-surgery, and broke and failed to replace his prosthetic leg, knee brace and surgical support hose, do not appear frivolous. *See Hamilton v. Endell,* 981 F.2d 1062, 1066 (9th Cir.1992). St. Amand's Americans with Disabilities Act and Rehabilitation Act claims alleging that the defendants treated him differently because he was an amputee confined to a wheelchair and denied him the benefits of the law library, also do not appear frivolous. *See Duffy v. Riveland,* 98 F.3d 447, 454–55 (9th Cir.1996). Further, St. Amand's due process claim alleging that the defendants deprived him of his prosthetic leg, support hose and knee brace does not appear frivolous. *See Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Accordingly, we reverse as to St. Amand's deliberate indifference, disability discrimination and due process claims and remand for the district court to determine whether St. Amand's financial condition allows him to proceed in forma pauperis with these causes of action as to all defendants.

St. Amand's remaining causes of action lack arguable substance in law or fact, and we affirm the district court's dismissal of those claims. *See Tripati,* 821 F.2d at 1369–70.

We do not address the propriety of the district court's June 23, 2000 order because St. Amand did not amend his notice of appeal to include this issue. *See* Fed. R.App. P. 4(a)(4)(B)(ii).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

St. Amand's request for judicial notice is denied.

AFFIRMED in part, REVERSED and REMANDED in part.