**Dannez W. HUNTER, Plaintiff–Appellant,**

v.

**N. GRANNIS, Chief Appeal Corr; et al., Defendants–Appellees.**

No. 03–56444.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 20, 2004.

Dannez W. Hunter, San Luis Obispo, CA, pro se.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM **

Dannez W. Hunter, a California state prisoner, appeals pro se the district court's order denying his application for leave to file this civil rights action without prepayment of the full filing fee. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion, *Tripati v. First Nat'l Bank & Trust,* 821 F.2d 1368, 1369 (9th Cir.1987), and we affirm.

The district court denied Hunter in forma pauperis status on the ground that Hunter's complaint and accompanying exhibits established that he did not exhaust the administrative grievance procedure before bring this action, as required by 42 U.S.C. § 1997e(a). Hunter's contention on appeal that he exhausted his administrative remedies after bringing this action is unavailing. *See McKinney v. Carey,* 311 F.3d 1198, 1200 (9th Cir.2002) (per curiam) (recognizing that § 1997e(a) requires presuit exhaustion and that dismissal, rather than a stay, is required where a prisoner-plaintiff has not exhausted administrative remedies). To the extent Hunter contends that he should be exempted from the exhaustion requirement because of "extraordinary circumstance," we are not persuaded. *Cf. Booth v. Churner,* 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001) ("we will not read futility or other exceptions into statutory exhaustion requirements where congress has provided otherwise").

We deny all pending motions.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

