Tommy PHILLIPS, Plaintiff–Appellant,

v.

Robert AYERS, Jr.; Calvin Campbell III; Adam Gorey; Wayne Reaume; Javier Espinoza; David Vecchetti; Jose Arroyo; Andre Skidmore; Melissa Galindo; Rudy Esparza; Anthony Yslas, Defendants–Appellees.

No. 07–55929.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 4, 2009.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Tommy Phillips, Imperial, CA, pro se.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

### MEMORANDUM **

Tommy Phillips appeals pro se from the district court's order denying his application to proceed *in forma pauperis* in his 42 U.S.C. § 1983 action alleging that prison officials violated his civil rights by preventing him from practicing his religion, using excessive force against him, keeping him illegally in administrative segregation, and causing him to lose his prison job. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the denial of leave to file a complaint *in forma pauperis, Tripati v. First Nat'l Bank & Trust,* 821 F.2d 1368, 1369 (9th Cir.1987), and we review de novo the determination that a complaint lacks arguable substance in law or fact, *id.* We vacate and remand.

The district court abused its discretion in denying Phillips leave to file his complaint *in forma pauperis* on the basis that Phillips alleged only supervisor liability as to four of the defendants. *See Hooker v. Am. Airlines,* 302 F.3d 1091, 1092 (9th Cir.2002) (order) (holding that if at least one claim is non-frivolous, leave to proceed *in forma pauperis* on appeal must be granted for the case as a whole). Phillips

** This disposition is not appropriate for publi-

explicitly alleged individual liability for his excessive force claim as to the seven defendants whom the district court did not identify. Moreover, as to two of the supervisor defendants whom the district court identified Phillips alleged direct personal involvement and not merely supervisory responsibility: Phillips alleged on page 4 of his supporting facts that defendant Wayne Reaume personally participated in the attack upon Phillips and other inmates, and on page 7, Phillips alleged that defendant Calvin Campbell III personally kept Phillips illegally confined in administrative segregation by fabricating false misconduct charges against him.

We remand for the district court to determine in the first instance whether Phillips's finances merit *in forma pauperis* status and, if they do, to allow Phillips to proceed with his action *in forma pauperis.*

No costs awarded on appeal.

**VACATED and REMANDED.**

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.