**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GARY LEE NEWELL, | No. 10-35293 |
| Plaintiff - Appellant, | D.C. No. 9:10-cv-00015-DWM-JCL |
| v. | |
| LAKE COUNTY COURT; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted October 25, 2011[**]

Before:     TROTT, GOULD, and RAWLINSON, Circuit Judges.

Gary Lee Newell appeals pro se from the district court's order denying his

motion for leave to proceed in forma pauperis.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo the determination that a complaint lacks

arguable substance in law or fact, and for an abuse of discretion the denial of leave

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

to proceed in forma pauperis. *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987). We may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court did not abuse its discretion by denying Newell's request to proceed in forma pauperis because it appears from the face of the proposed complaint that his claims lack arguable substance in law or fact. *See Tripati*, 821 F.2d at 1369-70; *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (the *Rooker-Feldman* doctrine bars de facto appeals of state court judgments); *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (plaintiff must establish a nonfrivolous, arguable underlying claim to state a claim for denial of access to the courts); *Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006) (judges are absolutely immune from suits for damages based on their judicial conduct except when acting "in the clear absence of all jurisdiction" (citations and internal quotation marks omitted)); *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (per curiam) (municipal courts are arms of the state entitled to Eleventh Amendment immunity).

Newell's remaining contentions are unpersuasive.

**AFFIRMED.**

10-35293