**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOUS LINDELL DAILY, | No. 10-55729 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-02092-UA-RC |
| v. | |
| KATHY PROSPER, Warden, individually and official capacity; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, Chief Judge, Presiding

Submitted December 19, 2011[**]

Before:     GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Carlous Lindell Daily, a California state prisoner, appeals pro se from the

district court's order denying his motion to proceed in forma pauperis ("IFP") in

his 42 U.S.C. § 1983 action.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

review de novo the district court's determination that the complaint lacked arguable substance in law or fact, and for an abuse of discretion the denial of IFP. *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987). We reverse and remand.

Daily alleges that defendants failed to deliver his "demand for trial" after he received notice of an indictment in another state; as a result, he was deprived of his right to be tried on the new charges within 180 days and his trial took place more than 60 days later than it otherwise would have. Because, properly pled, an access-to-courts claim based on these allegations would not "necessarily imply the invalidity of [his] conviction[,]" the district court erred by denying Daily's motion to proceed IFP based on *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) ("*Heck* is consistent with other cases permitting prisoners to bring § 1983 challenges to prison administrative decisions").

Daily shall bear his costs on appeal.

**REVERSED and REMANDED.**