**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ACHILLES CORELLEONE,

Plaintiff - Appellant,

v.

COVINA POLICE DEPARTMENT,

Defendant - Appellee.

No. 10-57036

D.C. No. 2:10-cv-05155-UA-PJW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, Chief Judge, Presiding

Submitted December 19, 2011[**]

Before:    GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Achilles Corelleone, a California state prisoner, appeals pro se from the

district court's order denying his motion to proceed in forma pauperis in his 42

U.S.C. § 1983 action alleging constitutional violations in connection with his arrest

and the seizure of his vehicle and cell phone. We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review for an abuse of discretion. *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987). We affirm.

The district court did not abuse its discretion by denying leave to proceed in forma pauperis because it appears from the face of the complaint that Corelleone's allegations imply the invalidity of his conviction, and he has not shown that his conviction was overturned or otherwise invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (an action for damages is not cognizable under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated"); *see also Tripati*, 821 F.2d at 1370 ("A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.").

Corelleone's contention that he is seeking the return of his property rather than challenging his conviction, made for the first time on appeal, is unavailing. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (noting the availability of adequate post-deprivation state law remedies for the deprivation of property); *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("As a general rule, we will not consider arguments that are raised for the first time on appeal.").

2                                                                    10-57036

Issues that are not raised in the opening brief are deemed waived. *See Indep.*

*Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

Corelleone's remaining contentions are unpersuasive.

**AFFIRMED.**

10-57036