**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT LEE GOOD, | No. 11-56392 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-06349-UA-DUTY |
| v. | |
| JACQUELINE F. ARRINGTON; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Submitted April 16, 2013[**]

Before:     CANBY, IKUTA, and WATFORD, Circuit Judges.

Robert Lee Good appeals pro se from the district court's order denying his

request to proceed in forma pauperis ("IFP"). We have jurisdiction under 28

U.S.C. § 1291. We review de novo a determination that a complaint lacks arguable

substance in law or fact. *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 1987). We review for an abuse of discretion the denial of leave to proceed IFP. *Id.* We affirm.

The district court did not abuse its discretion by denying Good's request to proceed IFP because it lacked subject matter jurisdiction. *See* 28 U.S.C. § 1332(a) (requiring complete diversity of citizenship); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086-87 (9th Cir. 2009) (discussing requirements for federal question jurisdiction under 28 U.S.C. § 1331); *see also Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) ("[A] court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." (citation and internal quotation marks omitted)).

Moreover, the district court correctly concluded that the State is entitled to Eleventh Amendment sovereign immunity, and that Good's § 1983 claim against the State is barred by the *Rooker-Feldman* doctrine. *See Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003) ("If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court."); *Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 & n.1 (9th Cir. 1991) (except for suits for prospective relief against state officials, "[t]he Eleventh Amendment's jurisdictional bar . . . applies whether

the relief sought is legal or equitable in nature").

Finally, Good's action was frivolous because the lack of diversity jurisdiction had been explained to Good in a prior action. *See Tripati*, 821 F.2d at 1370 ("A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.").

Contrary to Good's contentions, because the district court properly concluded that it lacked subject matter jurisdiction, it had no power to rule on the merits of his state law claims or address his motion for preliminary and permanent injunction. *See Wages v. IRS*, 915 F.2d 1230, 1234 (9th Cir. 1990).

To the extent that Good appeals from the district court's order dismissing his prior action against defendants, we lack appellate jurisdiction because Good failed to file a notice of appeal in that separate action. *See* Fed. R. App. P. 4(a)(1)(A) (establishing the time for filing a notice of appeal).

**AFFIRMED.**

11-56392