**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IAN L. CORMIER, | No. 11-56649 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-04907-ABC-MLG |
| v. | |
| ERIC J. SIEGLER, of Temecula; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Submitted June 18, 2013[**]

Before:     TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

Ian L. Cormier appeals pro se from the district court's order denying his

request to proceed in forma pauperis ("IFP") in his 42 U.S.C. § 1983 action. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo the determination

that a complaint lacks arguable substance in law or fact, and for an abuse of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion the denial of leave to proceed IFP.  *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987).  We affirm.

The district court did not abuse its discretion by denying Cormier's request to proceed IFP because it properly concluded that Cormier's action was frivolous, failed to state a claim, and sought monetary relief from defendants who did not act under color of state law or were immune from liability.  *See id.* at 1370 ("A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit."); *see also Polk County v. Dodson*, 454 U.S. 312, 318 n.7 (1981) (noting that an attorney does not act under the color of state law for the purposes of 42 U.S.C. § 1983 when performing the traditional role of an attorney); *Hirsh v. Justices of the Supreme Court*, 67 F.3d 708, 715 (9th Cir. 1995) (the State Bar of California is an arm of the state and is entitled to Eleventh Amendment immunity); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) ("Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities.").

**AFFIRMED.**