**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JASON PAUL CHESTER, pro se, | No. 12-35688 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-05473-RBL |
| v. | |
| TACOMA COMMUNITY COLLEGE, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted October 15, 2013[**]

Before:     FISHER, GOULD, and BYBEE, Circuit Judges.

Jason Paul Chester appeals pro se from the district court's order denying his
application to proceed in forma pauperis.  We have jurisdiction under 28 U.S.C.
§ 1291.  We review for an abuse of discretion the denial of leave to proceed in
forma pauperis.  *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1987).  We vacate and remand.

The district court correctly concluded that the operative complaint was without merit because Chester failed to state a cognizable claim.  *See id.* at 1370 ("A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit."); *see also Barker v. Riverside Cnty. Office of Educ.*, 584 F.3d 821, 825-27 (9th Cir. 2009) (discussing the anti-retaliation provisions of Title II of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act); *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007) (setting forth the elements of a claim for failure to accommodate under Title II of the ADA and the Rehabilitation Act).

However, the court failed to provide Chester, who is pro se, notice of the defects of the complaint and an opportunity to amend.  *See Tripati*, 821 F.2d at 1370 ("[P]ro se plaintiffs proceeding in forma pauperis 'must also be given an opportunity to amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured.'" (citation and internal quotation marks omitted)).  Accordingly, we vacate and remand for further proceedings consistent with this disposition.

Defendant's request for judicial notice, filed on November 6, 2012, is

denied.

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**