**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRUCE E. GAMBILL, Jr., | No. 12-36071 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-06004-BHS |
| v. | |
| UNITED STATES OF AMERICA; STATE OF WASHINGTON, | MEMORANDUM* |
| Defendants. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted January 21, 2014**

Before:    CANBY, SILVERMAN, and PAEZ, Circuit Judges.

Bruce E. Gambill, Jr. appeals pro se from the district court's order denying

his request to proceed in forma pauperis and dismissing his action alleging claims

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

arising from divorce, foreclosure, and bankruptcy proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the denial of leave to proceed in forma pauperis, and de novo a determination that a complaint lacks substance in law or fact. *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987). We affirm.

The district court did not abuse its discretion by denying Gambill leave to proceed in forma pauperis because Gambill failed to allege a claim against any defendant under any cognizable legal theory. *See id*. At 1370 ("A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit."); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (court may sua sponte dismiss an action for failure to state a claim without notice or an opportunity to respond where plaintiff cannot possibly win relief); *see also McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (Rule 8 is an independent basis of dismissal and requires each averment of a pleading to be simple, concise, and direct, stating which defendant is liable to the plaintiff for which wrong).

Gambill's "Response to Case cv-06004-BHS, *et al.*" filed on September 26, 2013 and subsequently construed by this court as a request for judicial notice, is denied. *See* Fed. R. Evid. 201(a).

Gambill's "Motion to file and act upon previously filed motions, *et al.*" and "Emergency Motion & Notice, *et al.*" filed on December 26, 2013 and January 6, 2014, respectively, are denied.

**AFFIRMED.**