FILED

JUL 02 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ONOFRE TOMMY SERRANO, | No. 13-55287 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-00208-UA-PLA |
| v. | |
| CITY OF LONG BEACH; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. King, Chief Judge, Presiding

Submitted June 25, 2014[**]

Before: HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Onofre Tommy Serrano appeals pro se from the district court's order

denying him leave to proceed in forma pauperis ("IFP") in his 42 U.S.C. § 1983

action alleging various constitutional violations. We have jurisdiction under 28

U.S.C. § 1291. We review for an abuse of discretion the district court's denial of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

leave to proceed IFP. *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987). We reverse and remand.

The district court denied Serrano's motion to proceed IFP because it determined that the action was barred under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). However, the action was not *Heck*-barred because Serrano did not allege that he had been convicted, and it was not clear from the allegations in the complaint whether his criminal proceedings were ongoing or had concluded. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (recognizing that *Heck* applies only when an outstanding criminal conviction already exists and noting that civil proceedings may be stayed while related criminal charges are pending).

The district court also indicated in its order denying IFP that Serrano had made an inadequate showing of indigency and had not obtained certification of his prison account balance from an authorized officer. On remand, the district court should allow Serrano to supplement his showing of indigency and, if applicable, to obtain any necessary certification from prison officials.

**REVERSED and REMANDED.**