**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| J. L. HOWZE, | No. 14-56289 |
| Plaintiff - Appellant, | D.C. No. 2:14-cv-04067-UA-RZ |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. King, Chief Judge, Presiding

Submitted March 10, 2015**

Before:     FARRIS, WARDLAW, and PAEZ, Circuit Judges.

J.L. Howze, a California state prisoner, appeals pro se from the district

court's order denying his request to proceed in forma pauperis ("IFP") in his action

alleging Eighth Amendment and Americans with Disabilities Act ("ADA")

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violations. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the denial of leave to proceed in forma pauperis, and review de novo a determination that a complaint lacks arguable substance in law or fact. *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987). We vacate and remand.

Although the district court acted within its discretion in denying Howze leave to proceed IFP on his Eighth Amendment claim because it was frivolous or lacked merit, the district court did not address the Title II ADA claim, also set forth in Howze's complaint. *See Tripati*, 821 F.2d at 1370 ("A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit."); *see also Okwu v. McKim*, 682 F.3d 841, 845 (9th Cir. 2012) (a state is not immune from an action for damages alleging disability discrimination under Title II of the ADA); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135, 1138-40 (9th Cir. 2001) (setting forth elements of a Title II ADA claim for monetary damages). We vacate and remand for the district court to assess the Title II ADA claim in the first instance.

In light of our disposition, we do not consider Howze's contentions regarding the denial of his Rule 60(b)(6) motion for reconsideration.

**VACATED and REMANDED.**

14-56289