FILED

**NOT FOR PUBLICATION**

SEP 29 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARLON BLACHER, | No. 14-56998 |
| Plaintiff - Appellant, | D.C. No. 2:14-cv-07985-UA-AGR |
| v. | |
| B. DIEBALL, Correctional Sergeant, individual and official capacity; ELVIN VALENZUELA, Warden, individual and official capacity, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. King, Chief Judge, Presiding

Submitted September 21, 2015[**]

Before:     REINHARDT, LEAVY, and BERZON, Circuit Judges.

Marlon Blacher, a California state prisoner, appeals pro se from the district

court's order denying his request to proceed in forma pauperis ("IFP") in his action

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

alleging various claims in connection with prison disciplinary proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the denial of leave to proceed IFP, and review de novo a determination that a complaint lacks arguable substance in law or fact. *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987). We vacate and remand.

The district court properly concluded that Blacher's international law claims were frivolous. *See id.* at 1370. However, the court did not have the benefit of our recent decision in *Rodriguez v. Steck*, 795 F.3d 1187 (9th Cir. 2015) (order), which explained that "a district court's denial of leave to proceed in forma pauperis is an abuse of discretion unless the district court first provides a plaintiff leave to amend the complaint or finds that amendment would be futile." Here, the district court did not address whether amendment of Blacher's equal protection claim would be futile and did not give Blacher leave to amend. Moreover, it is not absolutely clear that the deficiencies in the equal protection claim or Blacher's due process and Eighth Amendment conditions-of-confinement claims could not be cured by amendment, and it appears that Blacher may have intended to allege a First Amendment retaliation claim, which the district court did not address. Accordingly, we vacate and remand for the district court to redetermine Blacher's entitlement to IFP, in light of the fact that Blacher may have stated a First

Amendment claim and is entitled to leave to amend his other constitutional claims.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

All pending motions are denied.

**VACATED and REMANDED.**