**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSHUA B. SHAPIRO,<br><br>            Plaintiff - Appellant,<br><br>v.<br><br>OSCAR GUAROA MOQUETE; et al.,<br><br>            Defendants - Appellees. | No. 14-56359<br><br>D.C. No. 8:14-cv-00550-UA-JEM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Submitted November 18, 2015[**]

Before:    TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Joshua B. Shapiro appeals pro se from the district court's order denying his

application to proceed in forma pauperis ("IFP") in his 42 U.S.C. § 1983 action

alleging federal and state law claims in connection with an alleged eviction. We

have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of leave to proceed IFP, and de novo a determination that a complaint lacks arguable substance in law or fact. *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987). We reverse and remand.

The district court denied Shapiro's application to proceed IFP because it concluded that Shapiro's complaint was subject to dismissal for failure to state a claim. However, Shapiro's complaint was not frivolous or without merit because it alleged a cognizable Fourth Amendment claim. *See id*. at 1370 ("An in forma pauperis complaint is frivolous if it had no arguable substance in law or fact." (citation and internal quotation marks omitted)); *King v. Massarweh*, 782 F.2d 825, 827-28 (9th Cir. 1986) (recognizing § 1983 cause of action against police officers for violating Fourth Amendment where landlord called police to arrest tenants for criminal trespass after rent dispute). Accordingly, we reverse the district court's IFP denial and remand for further proceedings.

**REVERSED and REMANDED.**