**Marc Anthony Lowell ENDSLEY; et al., Plaintiffs–Appellants,**

v.

**State of CALIFORNIA, by and through Jerry BROWN, Defendant–Appellee.**

No. 14–56902.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 2015.*

Filed Dec. 17, 2015.

Marc Anthony Lowell Endsley, Atascadero, CA, pro se.

Daryl Carruthers, Atascadero, CA, pro se.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Timothy McWhorter, Atascadero, CA, pro se.

Before: WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

### MEMORANDUM **

Marc Anthony Lowell Endsley appeals pro se from the district court's order denying his request to proceed in forma pauperis and imposing a pre-filing order against him as a vexatious litigant. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056–57 (9th Cir.2007) (per curiam) (pre-filing order); *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir.1987) (denial of leave to proceed in forma pauperis). We affirm in part, vacate in part and remand.

The district court did not abuse its discretion by denying Endsley's request to proceed in forma pauperis because the complaint failed to state a claim, and amendment would have been futile. *See Tripati*, 821 F.2d at 1370 (explaining that district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit, and that leave to amend need not be granted if it is absolutely clear that the deficiencies of the complaint cannot be cured); *see also Youngberg v. Romeo*, 457 U.S. 307, 314–15, 321–22, 324, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982) (discussing the substantive rights of civilly committed per-

son under the Fourteenth Amendment, the balancing test for determining whether those rights have been violated, and the deference to be shown to judgments exercised by qualified professionals). Moreover, the complaint was procedurally defective because Endsley, a non-lawyer, cannot represent other members of the proposed class in this class action suit. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir.2008) (discussing the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity).

We reject Endsley's contentions concerning appointment of counsel and leave to amend to add new claims.

The district court did not abuse its discretion by declaring Endsley a vexatious litigant and entering a pre-filing order against him. *See Molski*, 500 F.3d at 1057–61 (discussing factors for imposing pre-filing restrictions). Provision (6) of the pre-filing order is not consistent with the requirement that a pre-filing order be narrowly tailored, and we hereby excise it. As construed without provision (6), the pre-filing order is narrowly tailored, and the district court did not abuse its discretion in entering it.

**AFFIRMED in part, VACATED in part, and REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.