**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER ROLLAND POOLE, | No. 13-57160 |
| Plaintiff - Appellant, | D.C. No. 8:13-cv-01734-UA-DUTY |
| v. | |
| AFFORDABLE COMPANIES LLC, The, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. King, Chief Judge, Presiding

Submitted April 13, 2016[**]

Before:    FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Chistopher Rolland Poole appeals pro se from the district court's order

denying his request to proceed in forma pauperis ("IFP") in his action alleging

federal retaliation and discrimination claims. We have jurisdiction under 28

U.S.C. § 1291. We review for an abuse of discretion the denial of leave to proceed

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

IFP, and review de novo a determination that a complaint lacks arguable substance in law or fact. *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987). We vacate and remand.

The district court properly concluded that Poole's complaint failed to state a claim. *See id.* at 1370. However, the district court did not have the benefit of our recent decision in *Rodriguez v. Steck*, 795 F.3d 1187 (9th Cir. 2015) (order), which explained that "a district court's denial of leave to proceed in forma pauperis is an abuse of discretion unless the district court first provides a plaintiff leave to amend the complaint or finds that amendment would be futile." Here, the district court did not address whether amendment of Poole's complaint would be futile and did not give Poole leave to amend. Moreover, it is not absolutely clear that the deficiencies in Poole's Americans with Disabilities Act ("ADA") discrimination claim could not be cured by amendment. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). Accordingly, we vacate and remand for the district court to redetermine Poole's entitlement to IFP after Poole files an amended complaint.

**VACATED and REMANDED**.