**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HAROLD HUNTER,

 Plaintiff - Appellant,

 v.

KAMALA D. HARRIS, Attorney General, individual capacity; et al.,

 Defendants - Appellees.

No. 15-55707

D.C. No. 2:15-cv-02064-MMM-JC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted June 14, 2016[**]

Before: BEA, WATFORD, and FRIEDLAND, Circuit Judges.

 Harold Hunter, a California state prisoner, appeals pro se from the district

court's order denying his application to proceed in forma pauperis in his 42 U.S.C.

§ 1983 action alleging constitutional claims. We have jurisdiction under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review for an abuse of discretion the denial of leave to proceed in forma pauperis, and review de novo a determination that a complaint lacks arguable substance in law or fact. *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987). We affirm.

The district court did not abuse its discretion by denying Hunter's request to proceed in forma pauperis because Hunter's claims are frivolous and defendants are immune from suit. *See id.* at 1370 (explaining that the "district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit," and that leave to amend need not be granted if it is absolutely clear that the deficiencies of the complaint cannot be cured); *see also Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (the attorney general and attorneys in the attorney general's office are absolutely immune "for conduct during performance of official duties").

We treat Hunter's requests, one received on January 6, 2016 and one filed on March 17, 2016, as requests to submit supplemental briefing, and grant the requests. The Clerk shall file Hunter's request received on January 6, 2016.

Hunter's motion to expedite and for a change in venue, filed on May 13, 2016, is denied as moot.

**AFFIRMED.**

15-55707