FILED

JUN 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAROLD HUNTER, | No. 16-55021 |
| Plaintiff - Appellant, | D.C. No. 2:14-cv-09860-MMM-JC |
| v. | |
| DANIELLE HEMPLE, et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted June 14, 2016[**]

Before:    BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Harold Hunter, a California state prisoner, appeals pro se from the district

court's order denying his application to proceed in forma pauperis in his 42 U.S.C.

§ 1983 action alleging constitutional claims.  We have jurisdiction under

28 U.S.C. § 1291.  We review for an abuse of discretion the denial of leave to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

proceed in forma pauperis. *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987). We vacate and remand.

The district court properly concluded that Hunter's complaint failed to state a claim. *See id*. at 1370. However, the district court did not have the benefit of our recent decision in *Rodriguez v. Steck*, 795 F.3d 1187, 1188 (9th Cir. 2015) (order), which explained that "a district court's denial of leave to proceed in forma pauperis is an abuse of discretion unless the district court first provides a plaintiff leave to amend the complaint or finds that amendment would be futile." Here, the district court did not address whether amendment of Hunter's complaint would be futile and did not give Hunter leave to amend. Moreover, it is not absolutely clear that the deficiencies in Hunter's due process claim against defendant Daniel could not be cured by amendment. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect ..., a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). Accordingly, we vacate and remand for the district court to redetermine Hunter's entitlement to in forma pauperis status after Hunter files an amended complaint.

All outstanding motions and requests are denied.

**VACATED AND REMANDED.**

16-55021