NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 22 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAMELA KAY SCOTT, | No. 17-35682 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-05619-BHS |
| v. | |
| COLIN HAYES; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted November 15, 2017**

Before:     CANBY, TROTT, and GRABER, Circuit Judges.

Pamela Kay Scott appeals pro se from the district court's order denying her

application to proceed in forma pauperis ("IFP") in her 42 U.S.C. § 1983 alleging

claims relating to her criminal sentence.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review for an abuse of discretion the denial of leave to proceed IFP,

_____

         *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

         **     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

and de novo a determination that a complaint lacks arguable substance in law or fact. *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987). We affirm in part, vacate in part, and remand.

The district court properly dismissed the claims against the prosecutor defendants on the basis of prosecutorial immunity. *See id.* at 1370 (district court may deny leave to proceed IFP "at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit" (citation and internal quotation marks omitted); *see also Cousins v. Lockyer*, 568 F.3d 1063, 1068-69 (9th Cir. 2009) (explaining prosecutorial immunity).

However, the district court did not expressly consider Scott's claims that defendants from the Washington Department of Corrections were responsible for incorrectly recommending that Scott's sentence should be extended, nor did it consider whether leave to amend these claims would be appropriate. *See Cousins*, 568 F.3d at 1069-70 (discussing the constitutional right to be free from wrongful incarceration, and whether corrections officials were entitled to qualified immunity); *see also Rodriguez v. Steck*, 795 F.3d 1187, 1188 (9th Cir. 2015) ("[A] district court's denial of leave to proceed in forma pauperis is an abuse of discretion unless the district court first provides a plaintiff leave to amend the

complaint or finds that amendment would be futile.").  We vacate the denial of leave to proceed IFP, vacate in part the order filed on October 5, 2017 dismissing plaintiff's action, and remand for further proceedings as to these defendants only.

Scott's motion to file a substitute or corrected brief (Docket Entry No. 11) is granted.  The Clerk shall file the opening brief submitted at Docket Entry No. 13 and strike the opening brief filed at Docket Entry No. 7.

**AFFIRMED in part, VACATED in part, and REMANDED.**