NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 28 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LORI ANNA MASSEY, | No. 20-35717 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-05421-RBL |
| v. | |
| PIERCE COUNTY SHERIFF'S DEPARTMENT; KIMBERLY DAWN KLEMME, Pierce County Sheriff's Deputy, in individual and official capacity, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted July 19, 2021**

Before:    SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Massey's motions for permission to proceed IFP (Docket Entry Nos. 3 and

6-1) are granted.

Lori Anna Massey appeals pro se from the district court's order dismissing

_____

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

her 42 U.S.C. § 1983 action alleging excessive force for failure to pay the filing fee after denying Massey's motion to proceed in forma pauperis ("IFP"). We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the denial of leave to proceed IFP, and de novo a determination that a complaint lacks arguable substance in law or fact. *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987). We affirm.

The district court properly denied Massey's motion to proceed IFP because her § 1983 claim lacked legal merit due to being barred by the statute of limitations. *See* Wash. Rev. Code § 4.16.080(2) (statute of limitations for personal injury claim); *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1048-49 (9th Cir. 2008) (forum state's statute of limitations for personal injury actions applies to § 1983 claim); *Tripati*, 821 F.2d at 1370 (district court may deny leave to proceed IFP "at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit").

Contrary to Massey's contention, Massey is not entitled to equitable tolling because she failed to allege facts demonstrating that she diligently pursued her legal rights and that some extraordinary circumstance prevented a timely filing. *See Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013) (explaining elements necessary for equitable tolling).

We do not consider matters not specifically and distinctly raised and argued

in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Massey's motion for appointment of counsel (Docket Entry No. 6-2) is denied.

**AFFIRMED.**