**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 31 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IAN LAMONTE CORMIER, | No. 21-56268 |
| Plaintiff-Appellant, | D.C. No. 5:21-cv-01654-SVW-AFM |
| v. | |
| RIVERSIDE COUNTY DISTRICT ATTORNEY OFFICE; LEON X., Deputy Sheriff (Detective), individual/official capacity, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted May 17, 2022[**]

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Cormier's motion for in forma pauperis ("IFP") status (Docket Entry No. 3)

is granted.  The Clerk will amend the docket to reflect this status.  The Clerk will

file the Opening Brief at Docket Entry No. 5.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Ian LaMonte Cormier appeals pro se from the district court's order denying his motion to proceed IFP and dismissing his 42 U.S.C. § 1983 action alleging various claims. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the denial of leave to proceed in forma pauperis. *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987). We review de novo a dismissal for lack of subject matter jurisdiction. *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 974 (9th Cir. 2012). We affirm.

The district court did not err by denying Cormier's request to proceed IFP and dismissing his action for lack of subject matter jurisdiction because the federal claims were too insubstantial to confer jurisdiction. *See Tripati*, 821 F.2d at 1370 ("A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit."); *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981) (sua sponte dismissal for lack of jurisdiction is proper where claims are "wholly insubstantial and frivolous").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**

21-56268